FILED _____ ENTERED
_____ LODGED _____ RECEIVED

RCK:USAO 2007R00677

FEB 2 2 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. CCB 1-12-087 |
| | : (Conducting gambling business, |
| BODOG ENTERTAINMENT GROUP S.A., | : 18 U.S.C. §1955; Money |
| d/b/a BODOG.com, | : laundering conspiracy, 18 U.S.C. |
| CALVIN AYRE, | : §1956(h); Aiding and |
| JAMES PHILIP, | : abetting, 18 U.S.C. §2; |
| DAVID FERGUSON, and | : Forfeiture, 18 U.S.C. |
| DERRICK MALONEY, | : §§982(a)(1) and 1955(d)). |
| Defendants. | : |

...oOo0oOo...

## INDICTMENT

### COUNT ONE (Conducting gambling business)

The Grand Jury for the District of Maryland charges that:

From at least on or about June 9, 2005, through at least January 6, 2012, in the District of Maryland and elsewhere,

BODOG ENTERTAINMENT GROUP S.A., d/b/a BODOG.com,
CALVIN AYRE,
JAMES PHILIP,
DAVID FERGUSON, and
DERRICK MALONEY,

did knowingly and unlawfully conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business, to wit, a gambling business involving online sports betting, which gambling business was in violation of the laws of the State of Maryland, to wit, Maryland Criminal Code Section 12-102, and which involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of said illegal gambling business, and which has remained in substantially continuous operation for a period in excess of thirty days. 18 U.S.C. §§1955 and 2.

## COUNT TWO (Money laundering conspiracy)

The Grand Jury for the District of Maryland also charges that:

A.     From at least on or about June 9, 2005, through at least January 6, 2012, in the District of Maryland and elsewhere,

**BODOG ENTERTAINMENT GROUP S.A., d/b/a BODOG.com,**
**CALVIN AYRE,**
**JAMES PHILIP,**
**DAVID FERGUSON, and**
**DERRICK MALONEY,**

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. Section 1956, to wit: to transport, transmit, and transfer funds to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is conducting an illegal gambling business in violation of Title 18 United States Code Section 1955.

### Manner and Means of the Money Laundering Conspiracy

B.     Because the success of an Internet gambling business depends on the movement of funds from the gambling business to the gamblers as winnings, and also from the gambling business to others who perform services that promote the gambling business, such as media resellers and advertisers, the purpose of the conspiracy was to move funds from accounts controlled by **BODOG ENTERTAINMENT GROUP S.A., d/b/a BODOG.com,** and located outside the United States, to the gamblers, media resellers, and advertisers located in the United States.  The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.     It was a part of the conspiracy that the defendants and their co-conspirators would and did play different roles, and take upon themselves different tasks involving (a) the movement of funds to pay winnings to gamblers, (b) the hiring of media resellers and advertisers to promote the Internet gambling activity, and (c) the movement of funds from accounts outside the United States, in Switzerland, England, Malta, Canada, and elsewhere, to accounts in the United States to pay those media resellers and advertisers.

2.     Members of the conspiracy communicated with payment processors located in the United States and elsewhere and directed those payment processors to send funds by wire and by check to gamblers located in Maryland and elsewhere.   Two such payment processors were (a) JBL Services Inc., which processed at least $43 million for **BODOG ENTERTAINMENT GROUP S.A., d/b/a BODOG.com**, and (b) ZipPayments Inc., which processed at least $57 million for **BODOG ENTERTAINMENT GROUP S.A., d/b/a BODOG.com.**

3.     Through these communications, members of the conspiracy caused the movement of funds from outside the United States to gamblers located in the United States, including gamblers located in Maryland.

4.     Members of the conspiracy also communicated by email with gamblers located in Maryland and elsewhere to convey instructions about how to collect winnings from gambling on the **BODOG.com** website.

5.     Members of the conspiracy communicated in person, by telephone, and by email with employees of a media reseller that was located in the United States.

6.    Through these communications, members of the conspiracy caused the media reseller to create and execute an advertising campaign to increase the participation by gamblers in the United States on the **BODOG.com** website.

7.    Through these communications, members of the conspiracy caused the media reseller to send invoices to **BODOG ENTERTAINMENT GROUP S.A., d/b/a BODOG.com**.  These invoices represented the costs and fees for the creation and execution of the advertising campaign.

8.    Members of the conspiracy caused funds to be sent by wire from accounts located outside the United States to accounts located in the United States to satisfy the invoices sent by the media reseller. These wire transfers totaled more than $42 million during 2005 through 2008.

18 U.S.C. §§1956(h) and 1956(a)(2)(A).

## FORFEITURE ALLEGATIONS

1.      As a result of the offense set forth in Count One, the defendants,

**BODOG ENTERTAINMENT GROUP S.A., d/b/a BODOG.com,
CALVIN AYRE,
JAMES PHILIP,
DAVID FERGUSON, and
DERRICK MALONEY,**

shall jointly and severally forfeit to the United States any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of that offense, and all property traceable to such property, and all interest and proceeds traceable thereto.

2.   As a result of the offense set forth in Count Two, the defendants,

**BODOG ENTERTAINMENT GROUP S.A., d/b/a BODOG.com,
CALVIN AYRE,
JAMES PHILIP,
DAVID FERGUSON, and
DERRICK MALONEY,**

shall forfeit to the United States any and all property involved in that offense, and property traceable to such property, and all interest and proceeds traceable thereto.

18 U.S.C. section 1955(d)

18 U.S.C. section 982(a)(1)

28 U.S.C. section 2461(c)

18 U.S.C. section 981(a)(1)(C)

18 U.S.C. section 1956(c)(7)

18 U.S.C. section 1961(1)

## SUBSTITUTE ASSETS

3.    If any of the property described in paragraphs 1 and 2 above as being subject to forfeiture, as a result of any act or omission of the defendants,

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code Section 853(p) to seek forfeiture of any other property of the defendants up to the value of the property charged with forfeiture in paragraphs 1 and 2 above,


Rod J. Rosenstein
United States Attorney


A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson
Date: 2/22/12

6